IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

ALLISON THOMPSON,

       Plaintiff

  v.

UNITED STATES OF AMERICA

       Defendant

Civil No.: 18-cv-5324

**COMPLAINT**

To the Honorable Court:

  Now comes Plaintiff, ALLISON THOMPSON, by and through the undersigned attorney and respectfully alleges, states and prays as follows:

## I. NATURE OF CASE

  1. This is a civil action brought under the Federal Tort Claims Act seeking compensatory damages for injuries sustained by the Plaintiff as a result of the Defendant's employee's medical malpractice.

## II. JURISDICTION & VENUE

  2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1346(b)(1).

  3. Plaintiff has fully complied with the provisions of 28 U.S.C. §2675 of the Federal Tort Claims Act.

  4. This action is timely because it was filed within six months of the Department of Health & Human Services April 26, 2018 final determination of the Plaintiff's administrative tort claim.

5. Venue is proper in this district pursuant to 28 U.S.C. §1402 in that the malpractice occurred in Amityville, New York, which is within the boundaries of the Eastern District of New York.

### III. PARTIES

6. Plaintiff, ALLISON THOMPSON, is an adult individual who resides at 543 French Avenue North Babylon, NY 11703 and is a citizen and domiciliary of New York.

7. Hudson River Health Care, Inc. d/b/a HRHCare is a domestic not-for-profit corporation duly organized under the laws of the State of New York. It is the owner and operator of a medical facility known as the HRHCare Maxine S. Postal Tri-Community Health Center located at 1080 Sunrise Highway Amityville, NY 11701, hereinafter referred to as HRHCare. Pursuant to 42 U.S.C. §233(g) and 42 U.S.C. §245b, HRHCare is deemed an entity of the Public Health Service, a division of the Department of Health and Human Services, which is an agency of the Defendant, UNITED STATES OF AMERICA.

8. Anthony F Sampino, D.O., is a physician duly licensed to practice medicine in the State of New York. In April of 2016, he was an employee and/or contractor of HRHCare and was one of the providers that rendered medical services to ALLISON THOMPSON. Pursuant to 42 U.S.C. §233(g), he is deemed an employee of the Public Health Service, a division of the Department of Health and Human Services, which is an agency of the Defendant, UNITED STATES OF AMERICA.

9. Jennifer Gibbs, M.D., is a physician duly licensed to practice medicine in the State of New York. In April of 2016, she was an employee and/or contractor of HRHCare and was one of the providers that rendered medical services to ALLISON THOMPSON. Pursuant to 42 U.S.C. §233(g), she is deemed an employee of the Public Health Service, a division of the Department of Health and Human Services, which is an agency of the Defendant, UNITED STATES OF AMERICA.

10. Azin Jannatifar, C.M., is a certified midwife duly licensed to practice midwifery in the State of New York. In April of 2016, she was an employee and/or contractor of HRHCare and was one of the providers that rendered medical services to ALLISON THOMPSON. Pursuant to 42 U.S.C. §233(g), she is deemed an employee of the Public Health Service, a division of the Department of Health and Human Services, which is an agency of the Defendant, UNITED STATES OF AMERICA.

11. David Bergman, M.D., is a physician duly licensed to practice medicine in the State of New York. In April of 2016, he was an employee and/or contractor of HRHCare and was one of the providers that rendered medical services to ALLISON THOMPSON. Pursuant to 42 U.S.C. §233(g), he is deemed an employee of the Public Health Service, a division of the Department of Health and Human Services, which is an agency of the Defendant, UNITED STATES OF AMERICA.

## IV.     FACTUAL ALLEGATIONS

12. On August 1, 2016, ALLISON THOMPSON presented to LI Urgent Care, PC with a history of being six weeks pregnant and complaints of abdominal

pain and spotting. A test of urine was positive for HCG and she was directed to go directly to the emergency room for an ultra sound to rule out ectopic pregnancy.

13. MRS. THOMPSON reported directly to the Emergency Room at Good Samaritan Hospital. A transvaginal ultrasound indicated no intrauterine pregnancy. The radiologist warned that in the presence of positive beta-HCG levels ectopic pregnancy could not be ruled out, although one was not visualized. A blood test indicated a beta-HCG level of 735. MRS. THOMPSON's diagnosis was "possible early pregnancy vs threatened AB [abortion] vs ectopic pregnancy". The physician's plan was to order a repeat beta-HCG and to advise MRS. THOMPSON if the level rose in appropriately. MRS. THOMPSON was directed to follow-up at an HRH clinic in 1-2 weeks for repeat transvaginal ultra sound.

14. On August 11, 2016, ALLISON THOMPSON follow-up with HRHCare and provided a history of being "7 weeks pregnant/bleeding", having been seen in the ED on August 1, 2016 with a beta-HCG of 950 and a transvaginal sonogram that did not demonstrate an intrauterine pregnancy. She was evaluated by Jennifer Gibbs, M.D. and was diagnosed with "Threatened abortion". Dr. Gibbs ordered quantitative HCG and a transvaginal sonogram and directed MRS. THOMPSON to return in one week.

15. At the time that MRS. THOMPSON saw Dr. Gibbs, Dr. Gibbs was a resident. Dr. Gibb's note of her encounter was reviewed and confirmed by Anthony F Sampino, M.D. on August 11, 2016.

16. On August 12, 2016, the results of MRS. THOMPSON HCG test where reported and indicated a level of 2,190.

4

17. ALLISON THOMPSON returned to HRHCare on August 15, 2016. She was seen by Azin Jannatifar, CM. A transvaginal ultrasound was performed by David Bergman, M.D. The report of the ultra sound indicates "A single intrauterine gestational sac is noted. Yok sac, fetal pole and fetal cardiac activity not noted, correlation with BHCG levels is recommended, size is not CWD. F/U scan in 7-10 days to check viability and adjust EDC accordingly is recommended". Midwife Jannatifar diagnosed MRS. THOMPSON as "Pregnant" and ordered another HCG and transvaginal sonogram. She directed MRS. THOMPSON to follow up in 14 days, on August 29, 2016.

18. Nine days later, on August 29, 2016, MRS. THOMPSON's ectopic pregnancy ruptured, leaking 2,000 mL of blood into her abdomen and requiring emergency surgery. During the surgery, the blood was evacuated and one of MRS. THOMPSON's fallopian tubes was removed, and MRS. THOMPSON has been left significant scaring across her abdomen.

19. As a result of the above described events, MRS. THOMPSON has incurred economic loss, has experienced and will continue to experience significant physical, mental and emotional pain and suffering.

## V.    LEGAL CLAIM

20. The Plaintiff realleges and reincorporates each and every allegation above as if fully set forth herein.

21. That the Defendant, through its agents, employees and contractors had a duty to render medical, midwife and nursing care to the Plaintiff in accordance with the generally accepted standard of care in the community.

22. That the Defendant, through its agents, employees and contractors acting individually and jointly and severally, carelessly and negligently rendered medical care and treatment to the Plaintiff, which was not in accordance with good and acceptable medical, midwife and nursing practices.

23. That as a result of the foregoing, the Plaintiff sustained serious injury and conscious pain and suffering.

24. That Defendant, through its agents, employees and contractors, prior to the granting and renewing of privileges or employment of the interns, residents, nurses, physicians and others involved in the Plaintiff's care, failed to investigate the qualifications, competence, capacity, abilities and capabilities of them including, but not limited to, obtaining the following information: patient grievances, negative health care outcomes, incidents injurious to patients, medical malpractice actions commenced against persons, including the outcomes thereof, any history of association, privilege and/or practice at other institutions, any discontinuation of the associations, employment, privilege and/or practice at the institution, and any pending professional misconduct proceedings in this state or another state, the substance of the allegations in such proceedings and any additional information concerning such proceedings and the findings of the proceedings, and the Defendant failed to make sufficient inquiry of any person, agency or institution which should and did have information relevant to the capacity, capability, ability and competence of persons rendering treatment.

25. That had the Defendant through its agents, employees and contractors, made the above stated inquiry or, in the alternative, had Defendant

reviewed and analyzed the information obtained in a proper manner, privileges and/or employment would not have been granted and/or renewed.

26. By reason of Defendants' failure to meet its aforementioned obligations, the Plaintiff was treated by physicians, midwifes, nurses and/or other employees who were lacking the requisite skills, abilities, competence and capacity, as a result of which the Plaintiff, sustained severe injuries, conscious pain.

27. That as a result of the foregoing, the Plaintiff has been damaged in the amount of $1,000,000.

## VI. <u>PRAYER FOR RELIEF</u>

WHEREFORE, it is respectfully requested that this Honorable Court enter judgment against the Defendant and in favor of Plaintiffs, for compensatory in the amount of $1,000,000, plus costs, expenses, attorney's fees, and such other and further be lawful and appropriate.

RESPECTFULLY SUBMITTED, on this 21st day of September, 2018 in New York, New York.

          SULLIVAN & BRILL, LLP
          Attorneys for Plaintiff

          By: James Healy, Esq.

          115 Broadway, 17th Floor
          New York, New York 10006
          (212) 566-1000

<u>s/ Joseph F. Sullivan, Esq.</u>
Sullivan & Brill, LLP
Attorney for Plaintiff
115 Broadway, 17th Floor
New York, New York 10006
Phone: (212) 566-1000
Fax: 212-566-1068
Email: joseph.sullivan@sullivanbrill.com

<u>s/ James Healy, Esq.</u>
Sullivan & Brill, LLP
Attorney for Plaintiff
115 Broadway, 17th Floor
New York, New York 10006
Phone: (212) 566-1000
Fax: 212-566-1068
Email: james.healy@sullivanbrill.com